IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JANELL RENE BUTLER**,

        Plaintiff,

  v.

**DAN MARX, et al.**,

        Defendants.

No. 3:16-cv-02402-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Pro se Plaintiff Butler filed a Complaint [2] against Defendants based on allegations that they violated her rights. The dispute appears to be based on a joint account that Ms. Butler shared with her mother. Ms. Butler also filed an Application to Proceed *in forma pauperis* [1].

    Ms. Butler's Application to Proceed *in forma pauperis* [1] is GRANTED. For the reasons set forth below, the Complaint [2] is DISMISSED without service of process.

## DISCUSSION

    Under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint filed *in forma pauperis* must be dismissed before service of process if it fails to state a claim on which relief may be granted.

    In order for a court to have jurisdiction to hear the case, the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(1)). In addition, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

Here, Ms. Butler claims I have federal question jurisdiction over this case based on her allegations that Defendants have violated the Constitution and engaged in unfair business practices.  Since Defendants are private entities and not government actors, they cannot be liable for violating Ms. Butler's constitutional rights unless she shows they were acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Accordingly, relief cannot be granted for her constitutional claims of "coerced confessions" and "self-incrimination."

In addition, relief cannot be granted to Ms. Butler for her remaining claim of "unfair business practices" because she fails to allege sufficient facts to state a cause of action that is plausible on its face or to support an inference of more than a mere possibility of misconduct.  Furthermore, a claim for unfair business practices is typically a state-law claim, so I do not have subject matter jurisdiction to decide the claim based on federal question jurisdiction.

For the reasons stated above, I GRANT the Application to Proceed *in forma pauperis* [1], but I DISMISS the Complaint [2] without service of process.  Ms. Butler has thirty days to file an Amended Complaint that cures the claim deficiencies discussed above, or I will dismiss the case.

IT IS SO ORDERED.

DATED this __25th__ day of January, 2017.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge